# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LATORIS DEWAYNE COLLINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-16-951-W |
| ) | |
| CARL BEAR, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. United States District Judge Lee West has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition has been promptly examined, and for the reasons set forth herein, it is recommended that the action be **DISMISSED** on filing as untimely.

## I.    PROCEDURAL BACKGROUND

On July 2, 2008, Petitioner was convicted pursuant to a guilty plea on two counts of rape and two counts of kidnapping. (ECF No. 1:1).[1] On December 17, 2009, the

---

[1] In his Petition, Mr. Collins states that he plead not guilty, but a review of the docket sheet in his state court case proves otherwise. *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2006-6326&cmid=2089143. This Court may take judicial notice of public records involving Petitioner's state court conviction and related appeals. *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n. 7 (10th Cir. 2008).

Oklahoma Court of Criminal Appeals (OCCA) affirmed the conviction and remanded for a correction of Judgment and Sentence. (ECF No. 1:2).[2] On October 2, 2013, Petitioner filed an application for post-conviction relief in the district court.[3] The district court denied the application on April 9, 2014. (ECF No. 1:6).[4] On August 25, 2014, Mr. Collins filed a post-conviction application to file an appeal out of time.[5] On March 24, 2015, the district court granted Petitioner's request.[6] But again, Petitioner missed the deadline and the district court denied the application for post-conviction relief [7] on March 9, 2016.[8] On April 5, 2016, Mr. Collins appealed the district court's denial by filing an application for

---

[2] *See also* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=F-2008-654&cmid=99787

[3] *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2006-6326&cmid=2089143

[4] *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2006-6326&cmid=2089143

[5] *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2006-6326&cmid=2089143

[6] *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2006-6326&cmid=2089143

[7] *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2006-6326&cmid=2089143

[8] Even though he missed the deadline in state court, on April 27, 2015, Mr. Collins filed an application for post-conviction relief in the OCCA. *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2015-400&cmid=116662. The OCCA denied the request as untimely on May 6, 2015. *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2015-400&cmid=116662

post-conviction relief in the OCCA.[9] On June 29, 2016, the OCCA affirmed the district court's denial. (ECF No. 1:5, 6).[10] Petitioner's sole ground for habeas relief states:

> The State Court adjudication was contrary to or an unreasonable application of *Jimenez v. Quarterman*, 555 U.S. 113 (2009). See Exhibit (2) Attached Copy of Application for Post-Conviction Relief presented to the State Courts which was denied by the District Court and Denial Affirmed by the Court of Criminal Appeals in Case No. PC-2016-258 June 29, 2016. See Exhibit (1) There was an abuse of discretion and denial of due process when State Court applied unreasonable determination of Facts presented by the Application. 28 U.S.C.A. § 2254(d)(1) and D(2).

(ECF No. 1:5). Petitioner has requested the following relief: "Grant appeal out of time through no fault of Petitioner's own, vacate and set aside the state court judgment entered July 2, 2008, CF-2006-6326." (ECF No. 1:14).

## II. SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Additionally, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has

---

[9] *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2016-258&cmid=118789

[10] *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2016-258&cmid=118789

3

such notice by this Report and Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising the issue *sua sponte*, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210 (internal quotation marks omitted); *Thomas v. Ulibarri*, No. 06-2195, 214 Fed. Appx. 860, 861 n.1 (10th Cir. Jan. 31, 2007). Finally, a Court may dismiss a § 2254 habeas petition *sua sponte* only if the petition is clearly untimely on its face. *Kilgore v. Attorney General of Colorado*, 519 F.3d 1084, 1085 (10th Cir. 2008). The initial review of the Petition shows that it is untimely filed, and on this basis, the Petition should be dismissed.

**III. AEDPA LIMITATIONS PERIOD**

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period for claims of a habeas petitioner in state custody. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of;

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

4

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C), or (D), the limitations period generally begins to run from the date on which the conviction becomes final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Because Petitioner did not seek review in the United States Supreme Court, his conviction became final on March 17, 2010—90 days following the OCCA's December 17, 2009 affirmance of Mr. Collins' conviction. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Thus, without tolling, Petitioner's statute of limitations expired on March 17, 2011. Mr. Collins filed the habeas petition on August 19, 2016, over five years after the limitations period had expired. (ECF No. 1:1). Thus, under § 2244(d)(1)(A) this action is untimely absent statutory or equitable tolling.

## IV. STATUTORY TOLLING

The AEDPA limitations period is tolled while a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. *See* 28 U.S.C. § 2244(d)(2). Petitioner attempts to argue the application of statutory tolling, but the Court should conclude otherwise.

In his sole ground for habeas relief, Petitioner argues: "The State Court adjudication was contrary to or an unreasonable application of *Jimenez v. Quarterman*,

5

555 U.S. 113 (2009)." (ECF No. 1:5). And in the habeas petition's section on "timeliness," Mr. Collins cites the OCCA's June 29, 2016 denial of his application for post-conviction relief to file an appeal out of time. (ECF No. 1:13). It appears as though Mr. Collins is attempting to rely on *Jimenez* to toll the statute of limitations for the time during which he sought post-conviction relief. The Court should reject Mr. Collins' argument for two reasons.

First, Petitioner's reliance on *Jimenez* is misplaced. In *Jimenez*, the United States Supreme Court held:

> where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009). The circumstances in that case concerned an application for an out of time *direct* appeal, not an application for an appeal out of time for post-conviction relief, as in Mr. Collins' case. Thus, *Jimenez* would not provide for any statutory tolling in the instant case.

Second, although Petitioner filed two applications for state collateral relief (one seeking leave to file an appeal out of time, and one seeking post-conviction relief), he is not entitled to tolling of the one-year period of limitation for either because both were filed after the AEDPA limitations period had already expired. *Fisher v. Gibson*, 262 F.3d

6

1135, 1142-43 (10th Cir. 2001). Accordingly, unless equitable tolling is applicable, the instant petition is untimely.

## V. EQUITABLE TOLLING

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to demonstrate that equitable tolling applies. *Cooper v. Bravo*, No. 00-2462, 36 F. App'x. 343, 347 (10th Cir. Jan. 11, 2002) (citing *Miller*, 141 F.3d at 978). Mr. Collins provides no reasons why he has filed his habeas petition over five years too late. Further, even if Petitioner could show rare and extraordinary circumstances to justify equitable tolling of the limitations period, he must also demonstrate that he has diligently pursued his federal claims in state court. *Gibson*, 232 F.3d at 808; *Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). The Court should conclude this to be true in the instant action.

In his request for relief, Petitioner has asked this Court to: (1) "grant appeal out of time through no fault of petitioner's own" and (2) "vacate and set aside" his state court conviction. (ECF No. 1:14). Through his first request, to the extent that Mr. Collins is attempting to challenge the OCCA's June 29, 2016 decision in his habeas petition, the Court should conclude that such claim is not cognizable under 28 U.S.C. § 2254. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("because the constitutional error [petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim.").

Petitioner's second request fares no better. The Court liberally construes Mr. Collins' second request for relief as a challenge to the state court conviction. But other than allegations concerning why the petition should be statutorily tolled, Mr. Collins has failed to allege any substantive specific grounds for federal habeas relief. *See* ECF No. 1:5 (arguing only that the state court's "adjudication" "was contrary to or an unreasonable application of *Jimenez v. Quarterman*[.]"). Absent such allegations, Mr. Collins has failed to establish that he has diligently pursued any federal habeas claims in state court, and is not, therefore, entitled to equitable tolling.

Finally, the Court should conclude that Petitioner has not alleged any facts which would raise a question as to his actual innocence. Petitioner has neither diligently pursued his claims nor alleged or presented any evidence to meet the actual innocence exception. Accordingly, equitable tolling is not appropriate.

## VI. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the Petition be **DISMISSED** as untimely.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **October 3, 2016**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VII. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on September 16, 2016.

*/s/ Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE