IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LATORIS DEWAYNE COLLINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. CIV-16-951-W |
| ) | |
| CARL BEAR, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

On September 16, 2016, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by Latoris DeWayne Collins be dismissed as untimely. See Doc. 8. Collins, who is proceeding pro se, was advised of his right to object, see id. at 9, and the matter now comes before the Court on Collins' Objection to Report and Recommendation. See Doc. 11. Upon de novo review of the record, the Court concurs with Magistrate Judge Erwin's suggested disposition of this matter.

On April 24, 2008, Collins was convicted in the District Court for Oklahoma County, Oklahoma, after a trial by jury,[1] of two (2) counts of rape in the first degree (Counts 1, 4) and two (2) counts of kidnapping (Counts 3, 5), after two or more previous felony convictions.[2] He was sentenced on July 2, 2008, pursuant to the jury's recommendations, to terms of imprisonment of twenty (20) years on each count, with Counts 1 and 3 to run concurrently and Counts 4 and 5 to run concurrently, but consecutively to Counts 1 and 3.

---

[1] Magistrate Judge Erwin stated in the Report and Recommendation that Collins had pled guilty. See Doc. 8 at 1, n.1. The record proves otherwise.

[2] Collins was acquitted of two (2) counts of forcible oral sodomy.

The Oklahoma Court of Criminal Appeals affirmed on December 17, 2009.[3] See Collins v. State, 223 P.3d 1014 (Okla. Crim. 2009).

Collins' Petition,[4] which was filed pursuant to title 28, section 2254 of the United States Code, is subject to the one (1)-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), and, for purposes of AEDPA, Collins' state court convictions and sentences became final on March 17, 2010. Collins therefore had until March 17, 2011, to seek federal habeas relief under section 2254. The instant Petition was not file-stamped until August 19, 2016, see Doc. 1; accordingly, the claim presented therein is time-barred, absent statutory or equitable tolling of AEDPA's one (1)-year statute of limitations.

As Magistrate Judge Erwin correctly determined, Collins is not entitled to statutory tolling.[5] E.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for post-

---

[3]The state court remanded for correction of the Judgment and Sentence to show that Collins' four (4) convictions occurred after two or more previous felony convictions. See Collins v. State, 223 P.3d 1014, 1023 (Okla. Crim. 2009).

[4]Collins advised in his Petition that certain public records had been attached thereto. See, e.g., Doc. 1 at 2, ¶ 9(f); id. at 6, ¶ 12(d)(6). Although such documents were not received by the Clerk of the Court, the Court is permitted to take, and has taken, judicial notice of the same.

[5]In his Petition, Collins asserted only one proposition of error: "The state court adjudication was contrary to or an unreasonable application of Jimenez v. Quarterman, [129 S. Ct. 681] (2009)." Doc. 1 at 5, ¶ 12 Ground One. Jimenez involved a direct appeal, and the United States Supreme Court held in situations

> where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of [section] 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

129 S. Ct. at 686-87. As Magistrate Judge Erwin noted, Jimenez provides no basis in this case for

conviction or other collateral review pending not counted).[6] Collins has not contested this finding in his Objection to Report and Recommendation.

Collins has instead argued that Magistrate Judge Erwin erred in determining that he is not entitled to equitable tolling or to the miscarriage of justice exception.[7] "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)(citation omitted)). Collins has demonstrated neither exceptional circumstance nor diligence. E.g., Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003) (equitable tolling not applicable when record is clear petitioner has not diligently pursued federal claims).

To the extent Collins has claimed that he is entitled to relief because he is "actually innocent,"[8] Collins was obligated to show in that, in light of "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

---

statutory tolling of AEDPA's limitations period.

[6]Collins' unsuccessful post-conviction efforts occurred after AEDPA's one-year limitations period had expired. See, e.g., Collins v. State, No. CF-2006-6326 (Okla. Dist. Ct. March 9, 2016); Collins v. State, No. PC-2015-400 (Okla. Crim. May 6, 2015); Collins v. State, No. PC-2016-258 (Okla. Crim. June 29, 2016)(petitioner not only failed to establish that district court erred or abused its discretion when it found petitioner failed to timely exercise right to appeal district court's post-conviction order, but also failed to establish that he was denied post-conviction appeal through no fault of his own).

[7]"[T]he rationale underlying the miscarriage of justice exception . . . ensur[es] 'that federal constitutional errors do not result in the incarceration of innocent persons.'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013)(quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)).

[8]"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass[,]" McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013), even where "the impediment is [the] . . . expiration of [AEDPA's one-year] . . . statute of limitations." Id.

3

evidence," Schlup v. Delo, 513 U.S. 298, 324 (1995), "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013)(quoting Schlup, 513 U.S. at 329). Collins has again not made the required showing.[9]

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 8] issued on September 16, 2016;

(2) FINDS Collins' Petition is time-barred; and

(3) DISMISSES it with prejudice.

ENTERED this __9th__ day of November, 2016.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[9]While Collins has acknowledged that he must make "a convincing," Doc. 11 at 2, or "credible showing of actual innocence[,]" id., he has merely asserted in his Objection to Report and Recommendation, without further explanation or discussion that "[i]t is more likely than not no reasonable [j]uror would have found [him] . . . guilty beyond a reasonable doubt but for the underlying constitutional violations." Id. at 2-3.

4